IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kaye J. Harper, | : | |
| Plaintiff | : | Civil Action 2:07-cv-00764 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| Michael J. Astrue, | : | Magistrate Judge Abel |
| Commissioner of Social Security, | | |
| Defendant | : | |

**ORDER**

This matter is before the Court on the Commissioner of Social Security's

objections to Magistrate Judge Abel's June 20, 2008 Report and Recommendation.  The

Court, having reviewed the record *de novo*, determines that this case should be

remanded to permit the administrative law judge to: (1) contact previous employers

and the BVR/agency providing plaintiff with employment to determine whether

Harper ever demonstrated the ability to work independently and without special

consideration; (2) ask Dr. Fern to evaluate plaintiff for mild mental retardation or

borderline intellectual functioning; and (3) obtain readable copy of plaintiff's school

records, including any intelligence tests administered after her early elementary years.

The Court further finds for the reasons set out below that the Commissioner's objections

to the Report and Recommendation are without merit.

The Commissioner argues that this case differs significantly from *Lashley v. Secy.*

*of Health and Human Servs.*, 708 F.2d 1048, 1051, (6th Cir. 1983), which was cited by the

Magistrate Judge.  In *Lashley*, the administrative law judge was criticized because the

hearing lasted "a mere 25 minutes and was fully transcribed in approximately 11 pages," while Harper's hearing was 42 minutes and transcribed in 29 pages. 708 F.2d 1052. In *Lashley*, the court found that the claimant was inarticulate and appeared confused, but no such suggested was made with respect to Harper.

The Commissioner also argues that the three areas that the Magistrate Judge believed to require further clarification are contained in the present record before the Court. The Magistrate Judge recommended that the administrative law judge contact previous employers and the Bureau of Vocational Rehabilitation, the agency that provided Harper with employment to determine whether or not Harper ever demonstrated the ability to work independently and without special consideration. The Commissioner maintains that the administrative law judge properly considered that Harper had been supervised by a job coach. The Commissioner also argues that records from Six County, Inc. never suggested that Harper was mentally retarded or that the problems she experienced while employed at the bank with the job coach resulted from mental limitations.

The Commissioner further objects that the Magistrate Judge recommending remand so that the administrative law judge could obtain a readable copy of Harper's school records, including any intelligence tests administered after her early elementary years. The Commissioner maintains that the Magistrate Judge provides no basis for his belief that such records exist. The Commissioner argues that the Magistrate Judge is asking the Agency to go on a fishing expedition to obtain evidence that will support

2

Harper's assertion that she had only worked in sheltered employment and that the administrative law judge should have considered whether she ever demonstrated the ability to work independently and without special consideration. The Commissioner maintains that the administrative law judge unequivocally found that Harper had no past relevant work, and there is no need to further develop the record to demonstrate that she is mentally retarded.

The Commissioner relies on the administrative law judge's determination that Harper's past work never constituted past relevant work. Although the administrative law judge assumed that plaintiff never had substantial gainful activity, the administrative law judge did not consider whether Harper's jobs were sheltered or the degree to which special considerations were made for her and what this suggests about her ability to engage in non-sheltered work activity.

The Commissioner's argument that the Magistrate Judge is sending it on a fishing expedition is also not persuasive. The administrative law judge has a heightened duty to develop the record where there is a unrepresented claimant with a cognitive impairment. To the extent that a readable copy of Harper's school records can be obtained, the Commissioner should make an effort to do so.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  This case is REMANDED.

8 - 14 - 2008

Edmund A. Sargus, Jr.
United States District Judge

3